## Jacob Wagle, Plff. in Err., v. D. P. Bartley et al.

An agreement binding the defendant, his heirs or administrators, "for the use of said farm for the term of three years from the 1st day of April, 1854, up to said . . . for the sum of $60," is properly declared on in a declaration alleging that the lessor "demised the said . . . a certain tract or piece of land with appurtenances, situate in the township and county aforesaid, to have and to hold the same to the said . . . for a certain term of years, to wit, for and during and until the full end and term of three years, to commence from the 1st day of April, 1854, yielding and paying therefor during the said term to the lessor the sum of $60 . . . said demise being in writing and signed and sealed by said . . . by virtue of which demise said defendant entered into the said demised premises with the appurtenances, and was possessed thereof henceforth until the 1st day of April, 1885, when a large sum of money, to wit, the sum of $620, the rent aforesaid for the space of thirty-one years then elapsed, had become due and payable from the said defendant," etc.; and where nothing was shown on the part of the defendant to dissever the relation of landlord and tenant established by the lease, the court properly instructed the jury that that relation must be taken to continue down to the inception of the suit.

(Argued October 14, 1887. Decided October 31, 1887.)

October Term, 1887, No. 205, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Armstrong County to review a judgment in favor of plaintiffs in an action of debt. Affirmed.

The declaration contains two counts, the first on a written

NOTE.—Where a lease contains no provision for holding over from year to year, and the landlord does not dispossess the tenant, the law presumes that the relationship continues under the same terms and covenants (Harvey v. Gunzberg, 148 Pa. 294, 23 Atl. 1005; Muller's Estate, 16 Phila. 321; Laguerenne v. Dougherty, 35 Pa. 45); unless the covenant is one evidently intended to be performed in the first year only (Diller v. Roberts, 13 Serg. & R. 60, 15 Am. Dec. 578). Or the lessor may maintain an action for use and occupation, where he is not treated as a tenant from year to year. Williams v. Ladew, 171 Pa. 369, 33 Atl. 329; Bush v. National Oil Ref. Co. 5 W. N. C. 143.

contract and the second for use and occupation. The first count is as follows, omitting the formal introduction:

Whereas, The said D. P. Bartley and Mary Ann Bartley, administrators as aforesaid, by H. N. Snyder, their attorney, complain and say that: Whereas, The said David Bartley, deceased, in his lifetime heretofore, to wit, on the 8th day of February, 1854, at the county aforesaid, demised to the said Jacob Wagle a certain tract or piece of land with the appurtenances, situated in the township and county aforesaid, to have and to hold the same to the said Jacob Wagle for a certain term of years, to wit, for and during and until the full end and term of three years, to commence from the 1st day of April, 1854, yielding and paying therefor during the said term to the said David Bartley the sum of $60, lawful money of the United States, and agreeing to pay the taxes assessed on said farm or piece of land, said demise being in writing and signed and sealed by the said Jacob Wagle. By virtue of said demise the said defendant entered into the said demised premises with the appurtenances and was possessed thereof henceforth until the 1st day of April, 1885, when a large sum of money, to wit, the sum of $620, the rent aforesaid for the space of thirty-one years then elapsed, had become and was due and payable from the said defendant to the said David Bartley in his lifetime, and still is due and payable to the said David Bartley in his lifetime, and still is due and payable to the said D. P. Bartley and Mary Ann Bartley, administrators aforesaid. And whereas, The said D. P. Bartley and Mary Ann Bartley, administrators of the estate of David Bartley, deceased, further complain and say that the said Jacob Wagle, to wit, on the 8th day of February, 1854, in the lifetime of the said David Bartley, contracted in writing with him, the said David Bartley, for the possession of a certain farm with the appurtenances situate in the township of —— ——, Armstrong county, Pennsylvania, which said writing was dated the 8th day of February, 1854, said contract being signed by and sealed with the seal of the said Jacob Wagle, and now here shown to the court, he, the said Jacob Wagle entered into said demised premises and was possessed thereof under and by virtue of said demise as tenant of said David Bartley during the lifetime of him, the said David Bartley, from the 8th day of February, 1854, the date of said contract in writing as aforesaid, for and

during the full term of three years, the term as named and mentioned in said contract in writing, as aforesaid, and under and by virtue of said contract in writing, signed by and sealed with the seal of the said Jacob Wagle, he, the said Jacob Wagle, continued in the possession and occupancy of said demised premises from term to term and from year to year during the lifetime of him, the said David Bartley, until the 1st day of April, 1885, when a large sum of money, to wit, $620, the rent aforesaid for the term of thirty-one years then elapsed, had become due and payable from said Jacob Wagle to the said David Bartley in his lifetime, and still is in arrears and unpaid to the said D. P. Bartley and Mary Ann Bartley, administrators as aforesaid, whereby an action hath accrued to the said plaintiffs as the legal representatives of the said David Bartley, deceased, to demand and have from the said Jacob Wagle, defendant, the sum of $1,000.

On the trial the plaintiffs offered in evidence the following agreement:

Article of agreement made and fully agreed upon between David Bartley, of Butler county, Centre township, Pa., of the first part, and Jacob Wagle, of the second part, of Allegheny township, Armstrong county, Pa., Witnesseth, That said David Bartley doth lease or rent unto the said Jacob Wagle, his farm, situate in. Allegheny township, Armstrong county, Pa., for a term of three years from the 1st day of April, 1854, on the following conditions, viz., namely hereafter.

The said Wagle binds himself, his heirs or his administrators, to the said Bartley, or his heirs or his administrators, for the use or rent of said farm for the term of three years from the 1st day of April, 1854, to pay to the said David Bartley or his heirs, or executors or administrators, the sum of $60, lawful moneys of the United States; and the said Wagle binds himself to bring to and to pay over the said moneys or rent to the said Bartley without defalcation; and the said Wagle binds himself, his heirs and his executors, to the said Bartley to make use of no timber of the place for any use only for repairs of said place; nor is he to take or make sale of any straw raised on said farm. N. B. The said Wagle has to pay all taxes of said farm during said three years.   And for the true performance of the above

agreement the parties bind themselves, their heirs, their executors or their administrators, in the penal sum of $200, as witness our hands and seals this 8th day of February, A. D. 1854.

Witness present: } David Bartley, [Seal.]
Thos. C. Thompson. } Jacob Wagle. [Seal.]

Defendant objected to the admission of this agreement, upon the ground that it did not support the declaration and was therefore irrelevant, but the court overruled the objection and admitted the agreement.

The court, NEALE, P. J., charged the jury, *inter alia,* as follows:

"In this case we do not find anything interrupting that relation of landlord and tenant, and we hold that this is simply a case of landlord and tenant, where a man enters into an agreement with the owner of a piece of land, or the alleged owner, and agrees to pay him a certain amount of rent for that land. After the lease expires by its own limitation, if no other lease is entered into and the tenant continues to occupy the land, it is presumed by the law that he continues there by virtue of the lease that he has entered into, or that has been entered into between himself and the landlord, that the relation of landlord and tenant continues until in some legal manner it is disrupted. We have no evidence that it has been done in this case, and therefore it is the instruction of the court under the evidence in the case which shows the relation of landlord and tenant, that Mr. Wagle is the tenant of David Bartley, deceased, and continues so until he gives up the possession of the land, or acquires a new possession under some other and more effectual title than that held by Mr. Bartley.

"That being the case the question of the presumption of payment arises in this case. We instruct you that up to the time of the bringing of this suit—or, rather, you can only go back a period of twenty years from the time of the bringing of this suit, in order to ascertain how much rent would be due the landlord. The suit was brought in 1885, and therefore you could not go back further than 1865 to ascertain the amount of rent due from the tenant to the landlord. You have in evidence that in 1869, in 1870, and 1878 there was $20 paid, and in 1863, $25, and in 1877, $30; that 1863 is farther back than you can

go, or than this case would relate to. The presumption in the absence of evidence to the contrary is that the rent was paid up to 1865. Then you ascertain how much is due between that time and the present."

The plaintiff submitted the following points, which were refused by the court:

"1. That the agreement upon which this action is founded, the sum therein mentioned to be paid being secured by a penalty, this action of debt will not lie, as the sum sued for should have been the penalty; but as it is, if the jury believe from the evidence that the defendant has paid the $60 in the agreement stipulated to be paid, with the interest thereon, then the verdict of the jury must be for the defendant.

"2. That, this action being in debt, and founded on an agreement under seal, and secured by a penalty, there cannot be a recovery on the *indebitatus* counts in assumpsit; and if the jury find from the evidence in the case that the defendant has paid the full amount of $60 with the interest thereon, to David Bartley in his lifetime, then their verdict must be for the defendant.

"3. That, under all the evidence in this case, if the jury believe from the evidence of payment that the $60 stipulated in the agreement was paid with its interest in the lifetime of David Bartley, their verdict must be for the defendant."

The jury returned a verdict for plaintiffs for $290 upon which judgment was entered, and defendant took this writ, assigning for error the admission of the said agreement in evidence, the portion of the charge above set forth, the refusal of his points, and the action of the court in reference to certain questions of evidence.

*Austin Clark* and *David Barclay*, for plaintiff in error.—There is nothing in the agreement sued on that will support the first count of the declaration. A "writing signed by and sealed with the seal of the said Jacob Wagle" is declared on. No such agreement was in evidence as above alleged. The agreement offered and admitted in evidence is that "the said Jacob Wagle binds himself, his heirs or his administrators, to the said Bartley, or his heirs or administrators, for the use or rent of said farm for the term of three years from the 1st day of April, 1854, to pay the said David Bartley, his heirs, or executors or

administrators, the sum of $60, lawful money of the United
States. . . . And for the true performance of the above
agreement the parties bind themselves, their heirs, their execu-
tors or their administrators, in the penal sum of $200, as wit-
ness," etc.

There is nothing in this to support the declaration. There is
no such word as demise here, nor occupation. Sixty dollars is
to be paid for the use or rent; and that is the sum certain, fixed
by the parties in writing, and no more.

Evidence must tend, in some degree at least, to prove the fact
in dispute. There could be no facts in dispute, only such as are
contained in the agreement. It was, therefore, inadmissible.
Wolle v. Brown, 4 Whart. 365; Tams v. Lewis, 42 Pa. 402.

The second count is a misjoinder; hence, the declaration is
bad, and will be reversed on error. Jennings v. Newman, 4 T.
R. 347; Cooper v. Bissell, 16 Johns. 146; Pell v. Lovett, 19
Wend. 546.

The declaration demands the same sum in both counts, but in
one count the demand is made on the specialty, in the other it
is made in assumpsit, thus joining the two actions, debt on the
special contract, and assumpsit for use and occupation in the
same action. The one is for a sum certain, the other for an un-
certain sum. But the agreement in evidence does not support
either count. The declaration is bad. See Buckwalter v. United
States, 11 Serg. & R. 193, and Huber v. Burke, 11 Serg. & R.
238; Burkholder v. Lapp, 31 Pa. 322.

If any recovery could be had in this case, it could only be to
the extent of the penalty; for under the agreement the defendant
is only accountable for that amount. 1 Troubat & H. 5th ed.
pl. 455, 458, 459; William III. chap. 2, § 8; Rob. Dig. 142;
Martin v. Taylor, 1 Wash. 1, Fed. Cas. No. 9,166.

There is nothing in the agreement to continue it for any other
or longer term than three years as a specialty; nor is there any-
thing indorsed on it to do so; and therefore the action of debt
would not lie to recover after the time mentioned therein.
Luciani v. American F. Ins. Co. 2 Whart. 167.

Debt is founded on a contract express or implied in which
the certainty of the sum or duty appears. The sum is to be
recovered in numcrc and not in damages. Weiss v. Mauch
Chunk Iron Co. 58 Pa. 295.

But were it different, a parol agreement cannot be set up

in this action to enlarge the defendant's liability. The first count in the declaration does enlarge the defendant's alleged liability. It does not say on a parol agreement, but we must infer it means that; and to sustain that count would require this court to give all claims outside of the $60, or the amount of the penalty, the quality and effect of a specialty. This cannot be done in an action of debt, any more than in an action of covenant. The contract then is no longer the covenant that was sealed, and the remedy must change with the contract. See Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 442.

*H. N. Snyder,* for defendants in error.—The action of debt lies upon the privity of estate. Jackson & G. Land. & T. p. 184, § VII. pl. 303; Kunckle v. Wynick, 1 Dall. 305, 1 L. ed. 149.

Debt lies for rent in arrears where the lease is under seal. 1 Chitty, Pl. 16th ed. p. 126; Blume v. M'Clurken, 10 Watts, 380.

Debt lies for a sum either certain or that can readily be reduced to a certainty. 1 Chitty, Pl. 16th ed. 121.

Debt lies for use and occupation when the demise is not under seal, because *indebitatus* assumpsit would lie. 1 Chitty, Pl. 98; Davis v. Shoemaker, 1 Rawle, 135; Troubat & H. Pr. by Fish, p. 21.

The action of debt is founded upon contract either in deed or in law, express or implied, in which the thing demanded is certain or may readily be reduced to a certainty. Troubat & H. Pr. by Fish, p. 16, § 2; Respublica v. Lacaze, 2 Dall. 118, 1 L. ed. 313.

The action of debt may be brought at common law on contracts, without specialty, either express or implied (Respublica v. Lacaze, 2 Dall. 118, 1 L. ed. 313, 1 Yeates, 70); and where we have no court of chancery it will be supported liberally.

It is held in Smith v. Aiery, 6 Mod. 129, that a meritorious valuable consideration will raise a debt.

In the action of debt for rent the plaintiff may state the substance of the demise without declaring on the deed; and where it is doubtful whether the lease was by indenture or parol it is usual to do so, adding a count for use and occupation by way of further caution. 2 Chitty, Pl. 223, note d; Davis v. Shoemaker, 1 Rawle, 135.

The act of February 24, 1834, provides that executors and ad-

ministrators shall and may have an action of debt for the arrearage of rent due to the decedent. P. L. 1834, p. 76.

There is no misjoinder in the declaration. The first count declares in debt on the written agreement under seal dated February 8, 1854, and states the precise sum due, to wit, $620.

The second count is in debt for use and occupation and for the same sum, $620.

In an action for rent in arrears it is proper to declare on the deed in the first count and to add a second count for use and occupation, by way of further caution. Seabrook v. Moyer, 88 Pa. 417; Davis v. Shoemaker, 1 Rawle, 135; 2 Chitty, Pl. 223, note d.

The agreement may be given in evidence in support of a count in which it is not mentioned. 1 Chitty, Pl. 348.

If the defendant, Wagle, occupied the farm with or by the consent and permission of Bartley, the jury might presume a promise to pay rent. Henwood v. Cheeseman, 3 Serg. & R. $500; Kline v. Jacobs, 68 Pa. 57.

The plaintiff can recover for use and occupation, from the time the contract was made, or from the time the defendant acknowledged the relation of landlord and tenant. Broldsky v. Ferguson, 48 Pa. 434.

The learned judge who delivered the charge to the jury was perfectly right when he said: The tenant in the very language of the lease acknowledged his tenancy and his landlord; he admitted title to the land, in his landlord, by the wording of the lease itself.

A tenant cannot dispute the title of his landlord. 5 Watts, 385; Elliott v. Smith, 23 Pa. 131.

The first count in the plaintiff's *narr.* declares upon the written contract for the term of three years, and avers a continuance or holding over from term to term, and from year to year.

Where a tenant holds over it is optional with the landlord either to treat him as a tenant from year to year or as a trespasser. Hemphill v. Flynn, 2 Pa. St. 144.

Where a tenant holds over, he holds under the original lease; the purpose is not to make a new lease, but to continue the former with all its characteristic features. Diller v. Roberts, 13 Serg. & R. 62, 15 Am. Dec. 578; Phillips v. Monges, 4 Whart. 226; Hollis v. Burns, 100 Pa. 206, 45 Am. Rep. 379.

The agreement of February 8, 1854, contained this condition,

to wit: And for the true performance of the above agreement the parties bind themselves, their heirs, their executors or administrators, in the penal sum of $200.

This condition in the lease is not to be taken as stipulated damages, but as a penalty. Where the condition is a penalty, the recovery is either for more or less, according to the amount due. Shreve v. Brereton, 51 Pa. 175.

PER CURIAM:

We have been unable to discover the material defect in the pleadings in this case which seems to be so obvious to the learned counsel for the plaintiff in error. The lease is well and properly set out, and its production in evidence established the relation of landlord and tenant between Bartley and Wagle. Nothing was shown on the part of the latter to dissever that relation; and therefore the court below properly instructed the jury that that relation must be taken to continue down to the inception of this suit.

The judgment is affirmed.